UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY MELVIN LONADIER, III** | **CIVIL ACTION NO. 24-0216** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **JULIAN C. WHITTINGTON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Johnny Melvin Lonadier, III, a prisoner at Bossier Maximum Security Center ("BMSC") proceeding pro se and in forma pauperis, filed this proceeding on approximately February 14, 2024, under 42 U.S.C. § 1983. He names Assistant Warden Bowen as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that he was denied access to the law library at BMSC. [doc. # 1, p. 3]. He claims that BMSC's law library is inadequate because there is no "certified law clerk," it contains only a pushcart and two tall shelves, and there are no templates for motions. *Id.* He maintains that "all of this denies [him] access to courts." *Id.*

In an amended pleading, Plaintiff claims that Defendant Bowen "denied [him] access to the law library stating, 'it is on the tablet/KIOSK' and refused motion templates. [sic]." [doc. # 9, p. 2].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff alleges that because BMSC lacks "law books, material, templates, proper motions," and "paralegal service[,]" he has remained incarcerated for more than three years with deteriorating health. [doc. # 9, p. 2]. "[M]otion after motion" has been denied. *Id.* He has schizophrenia, psychosis, paranoia, anxiety, sleep apnea, insomnia, and heart issues. *Id.* He writes: "[W]ho knows if I had the correct law material if I would be at home right now and could be seen by a licensed doctor. There's no doubt in my mind that my health would be much better, because of healthier, properly portioned food, exercise, sunlight, sleeping conditions, etc." *Id.* at 2-3. He has "been humiliated, taken away from [his] kids and family that need [him], reputation ruined, and down right put to shame and degraded from these false allegations . . . ." *Id.* at 3. He has "spent hundreds of dollars of [his] own money on law books, research books, law materials, and [is] currently taking a college paralegal course[.]" *Id.*

Plaintiff claims that BMSC "does not have a law abiding grievance system." [doc. # 1, p. 3].

Plaintiff seeks $100,000.00 and "all violation[s] fixed to fit within the letter of the law." [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Access to Court**

Plaintiff claims that Defendant Bowen "denied [him] access to the law library stating, 'it is on the tablet/KIOSK' and refused motion templates. [sic]." [doc. # 9, p. 2].

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher*, 536 U.S. at 413-14).

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); *see Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

With respect to the inability to access a library or a claim that a library was deficient, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.* "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* The "inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim." *Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017).

Here, Plaintiff appears to present a "backward-looking claim," suggesting that he lost "motion after motion" because Bowen denied him access to the law library and refused him templates for motions. He suggests that his motions were denied in either a habeas or post-conviction proceeding, alleging that he remains incarcerated despite his efforts.

6

Plaintiff, however, fails to state a plausible claim for several reasons. Foremost, he does not identify the motions that he lost because of defendant's actions. In addition, he only alleges that he lost motions; he does not allege that he lost a *claim* or was unable to obtain final relief because of defendant's actions.

Likewise, Plaintiff does not sufficiently identify a non-frivolous, arguable claim that he could not raise because of defendant's actions, that he raised and lost, or for which he could not obtain a remedy. *See Sanchez*, 689 F. App'x at 799 ("His assertions that he has been hindered in presenting claims challenging his criminal conviction and prison disciplinary cases are conclusory. He fails to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and does not explain with specificity how the absence of legal materials and assistance in Spanish actually hindered those claims.").

In addition, Plaintiff does not allege how access to the law library or templates for motions would have aided him, "how he would have proceeded with access to a law library," what specific cases or law he would have cited if he had access to the law library, "or how [his] claims would have been meritorious." *See Hopkins v. Ogg*, 2019 WL 3761360, at *3 (5th Cir. Aug. 8, 2019). He does not demonstrate that any alleged "shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Plaintiff does not demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access to either a law library or templates.

To the extent Plaintiff claims that his lack of access to the library affected his ability to research any claims he raised in the habeas corpus application or application for post-conviction relief, "there is no constitutional right to 'be able to conduct generalized research.'" *Douthit v. Dean*, 568 F. App'x 336, 337 (5th Cir. 2014) (quoting *Lewis,* 518 U.S. at 351) (reasoning that the

7

plaintiff's "motion alleged that the library's deficiencies would cause immediate harm to his case, [but] he did not specify how the case would be harmed. For example, he did not allege that he was unable to draft an adequate complaint or other pleading without the missing volumes."). There is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.

The Court should dismiss these claims against Defendant Bowen.

**3. Remaining Claims**

As to Plaintiff's remaining claims, he does not address how Bowen was personally involved. Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Plaintiff does not sufficiently identify "defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). *See Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

8

Accordingly, the Court should dismiss Plaintiff's remaining claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Johnny Melvin Lonadier, III's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 21st day of May, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge